48 F.3d 1236
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Donald E. HANEY, Plaintiff-Appellant,
v.
TIMESAVERS, INC., Jeff Terrill Machinery, Inc., Akhurst
Machinery, Inc., and Does 1-100, Defendants-Appellees.
 No. 94-1287.
 United States Court of Appeals, Federal Circuit.
 Feb. 10, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined March 22, 1995.
 
 D.Or.
 VACATED AND REMANDED.
 Before NIES, NEWMAN, and SCHALL, Circuit Judges.
 Opinion for the court filed by Circuit Judge SCHALL. Circuit Judge NIES dissents.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 Donald E. Haney (Haney) appeals from the March 30, 1994 final judgment of the United States District Court for the District of Oregon in favor of Timesavers, Inc., Jeff Terrill Machinery, Inc., Akhurst Machinery, Inc., and Does 1-100 (collectively "Timesavers") in Consolidated Cases CV-92-270-FR and CV-93-151-FR. The judgment was entered following the district court's grant of Timesavers' motion for summary judgment of non-infringement of claim 20 of Haney's United States Patent No. 5,081,794 (the '794 patent) and claims 2-6, 8-12, 14, 17-19, 21-24, and 26 of Haney's United States Patent No. 5,181,342 (the '342 patent). These were all the claims asserted by Haney in his suit against Timesavers. We vacate and remand.
 
 DISCUSSION
 
 2
 A grant of summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Johnston v. IVAC Corp., 885 F.2d 1574, 1576-77, 12 USPQ2d 1382, 1383 (Fed.Cir.1989). We review a district court's grant of summary judgment of non-infringement de novo. Conroy v. Reebok Int'l, Ltd., 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed.Cir.1991).
 
 
 3
 Each of the two Haney patents relates to a stationary sander for sanding a surface of a work piece, such as a piece of wood. The sander operates in such a way as to eliminate undesirable cross-grain scratching that can occur during sanding. Claim 20 of the '794 patent reads as follows:
 
 20. An orbiting sander comprising:
 
 4
 a frame;
 
 
 5
 a platen;
 
 
 6
 a double-drive mechanism interposed between and connecting the platen and frame, where the double-drive mechanism imparts at least one translational orbital movement superimposed on another movement to the platen relative to the frame; and
 
 
 7
 an abrasive held in operative position on the platen.
 
 
 8
 The three asserted independent claims of the '342 patent--claims 2, 3, and 17--read as follows:
 
 
 9
 2. A method of sanding products comprising:
 
 
 10
 placing a product on a conveyor that moves the product through an abrading area; and
 
 
 11
 abrading the product in the abrading area by a sander having a platen, an abrasive sheet, a securing device for holding the abrasive sheet on the platen, a frame, a subframe, a first drive mechanism interconnecting the platen and the subframe for moving the platen in a first motion and a second drive mechanism interconnecting the subframe and the frame for moving the subframe and the platen in a second motion, where the first and second drive mechanisms superimpose the first and second motions on the platen while they move the platen, and where the abrasive sheet's motion is solely dependent on and controlled by the platen's motion.
 
 3. A sander comprising:
 
 12
 a frame,
 
 
 13
 a subframe,
 
 
 14
 a platen,
 
 
 15
 an abrasive sheet,
 
 
 16
 a securing device for holding the abrasive sheet on the platen,
 
 
 17
 a first drive mechanism interconnecting the platen and the subframe for moving the platen in a first motion, and
 
 
 18
 a second drive mechanism interconnecting the subframe and the frame for moving the subframe and platen in a second motion,
 
 
 19
 where the first and second drive mechanisms superimpose the first and second motions on the platen while they move the platen, and
 
 
 20
 where the abrasive sheet's motion is solely dependent on and controlled by the platen's motion.
 
 17. A sander comprising:
 
 21
 a frame,
 
 
 22
 a subframe,
 
 
 23
 a platen,
 
 
 24
 an abrasive sheet,
 
 
 25
 a securing device for holding the abrasive sheet on the platen,
 
 
 26
 a first drive mechanism interconnecting the platen and the subframe for moving the platen in a first motion at a first speed, where the first drive mechanism includes at least two power-driven shafts connecting the platen and the subframe at spaced locations on the platen thus to stabilize the platen, and
 
 
 27
 a second drive mechanism interconnecting the subframe and the frame for moving the subframe and platen in a second motion at a second speed less than the first speed,
 
 
 28
 where the first and second drive mechanisms superimpose the first and second motions on the platen while they move the platen, and
 
 
 29
 wherein the abrasive sheet's motion is solely dependent on and controlled by the platen's motion.
 
 
 30
 Timesavers manufactures and sells a line of sanders known as the "Series O/B Orbital Brush Sanders." The accused device, which is from this line, includes a first motor that moves a platen in a circular orbit and a second motor that moves the platen in a reciprocal linear motion. The reciprocal linear motion is superimposed on the circular motion to produce a combined motion of the platen. The result of the motion of the platen in the accused device is also to prevent undesirable cross-grain scratching of the work piece.
 
 
 31
 Determining whether a patent claim is infringed requires a two step inquiry: "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device." Carroll Touch, Inc. v. Electro Mechanical Sys., 15 F.3d 1573, 1576, 27 USPQ2d 1836, 1839 (Fed.Cir.1993). The decision of the district court turned on claim construction, and in particular on construction of the drive mechanism limitations of the asserted claims. As far as the '794 patent was concerned, the court concluded that the double-drive mechanism limitation in claim 20 is primarily a functional claim limitation because it defines the claimed element in terms of its function rather than its structure. Consequently, the court viewed the double-drive mechanism limitation as subject to paragraph 6 of 35 U.S.C. Sec. 112 (1988). It therefore limited the scope of the claim to the structure disclosed in the specification of the '794 patent for performing the function of producing the combined motion, and equivalents thereof. Based upon this claim construction, the court determined that there were no genuine issues of material fact and held that the accused device did not infringe claim 20 because the accused device did not meet the double-drive mechanism limitation of that claim, either literally or under the doctrine of equivalents.
 
 
 32
 Turning to the '342 patent, the district court determined that "the interpretation of claims 2, 3 and 17 ... is limited by 35 U.S.C. Sec. 112, para. 6 because the 'first and second drive mechanisms' of claims, 2, 3 and 17 are defined in terms of function." Accordingly, the court limited the scope of these claims in the same way that it had limited the scope of claim 20 of the '794 patent. Based on its construction of the independent claims of the patent, the court found no genuine issues of material fact and held that the accused device also did not infringe the asserted claims of the '342 patent because they did not meet the drive mechanism limitations of those claims, either literally or under the doctrine of equivalents.
 
 
 33
 The district court erred as a matter of law in its construction of the foregoing claims. Turning to the '794 patent, we do not view the double-drive mechanism limitation of claim 20 as subject to Sec. 112, paragraph 6. The clause "a double-drive mechanism interposed between and connecting the platen and frame" recites structure. This recitation of structure in concert with accompanying function--"where the double-drive mechanism imparts at least one translational orbital movement superimposed on another movement to the platen relative to the frame"--removes the claim from the purview of Sec. 112, paragraph 6. In ZMI Corp. v. Cardiac Resuscitator Corp., 844 F.2d 1576, 6 USPQ2d 1557 (Fed.Cir.1988), the issue was the correct construction of the limitation "a pair of electrodes having nonmetallic skin-contacting members that provide low current density to reduce stimulation of local sensory nerves and resulting pain." Id. at 1578, 6 USPQ2d at 1559. This court did not apply 35 U.S.C. Sec. 112, paragraph 6 to the limitation. Rather, we stated, "[T]he reduction of pain through the transmission of a low current density to the skin is intended to be a functional limitation on the nonmetallic members, or the electrodes." Id. at 1581, 6 USPQ2d at 1561. Accordingly, we concluded that the claims at issue, as properly construed, were limited to an electrode "which functions to lower the current density ... applied to the patient's skin...." Id. In much the same way, claim 20 is limited to a double-drive mechanism which functions to impart the two described motions "to the platen relative to the frame," and is not limited to the structures described in the specification and equivalents thereof under Sec. 112, paragraph 6. For the same reasons, claims 2, 3, and 17 of the '342 patent, which recite additional structure, also are not limited by Sec. 112, paragraph 6 to the structures described in the '342 patent and equivalents thereof.
 
 
 34
 In sum, none of the claims at issue in this case is subject to 35 U.S.C. Sec. 112, paragraph 6. Therefore, the claims are not limited to the structure disclosed in the '794 and '342 patents, and equivalents thereof. When the claims are properly construed, disputed issues of material fact exist relative to the issue of infringement. Thus, the district court's grant of summary judgment in favor of Timesavers was improper. Lemelson v. United States, 752 F.2d 1538, 1552, 224 USPQ 526, 534 (Fed.Cir.1985) (trial court's erroneous construction of a claim, which was sole basis for finding of non-infringement, renders that finding clearly erroneous). Accordingly, as indicated above, the judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.
 
 
 35
 Each party shall bear its own costs.
 
 
 36
 Circuit Judge NIES dissents.